**JONATHAN BLANK**
450 N.E. 48th Street
Boca Raton, Florida 33431-5024

Phone: 561-338-3040
Fax: 561-372-9687
Cell: 917-806-9558
JonathanBlank@msn.com

September 4, 2015

United States District Court
Southern District of New York
Pro Se Unit
500 Pearl Street
New York, New York 10007

    Re:  <u>Case v. Clivilles et. al.</u>
          12 Civ. 8122 (VSB)

Dear Judge Broderick:

    I am writing in response to your order of September 2, 2015 to inform you of my position regarding Plaintiff's proposed third amended complaint. I am writing in care of the Pro Se Unit on instruction from Melissa Williams as I am not on ECF.

    I oppose the granting Plaintiff the right to file the third amended complaint for the reasons set forth below.

    This matter is simply a claim for a breach of the agreement between Cole/Clivilles Music Enterprises ("CCME") and Michelle Case p/k/a Michelle Visage ("Michelle"). CCME was a company formed to conduct the business of record producers Robert Clivilles ("Robert") and David Cole ("David"). CCME recorded a song entitled "It's Going To Be a Lovely Day" (the "Song") with Michelle performing the vocals. CCME sold the song to Arista Records who placed the song on an album. CCME owed Michelle royalties for every record sold for which it was paid by Arista Records. From the first royalty statement until 1996 Michelle was paid her royalties by Barbara Warren-Pace ("Barbara"), CCME's manager. After the death of David Cole in 1995 a dispute arose between David's estate and Robert.

    Because of the dispute, I volunteered to be CCME's paymaster so that incoming royalty payments would not become a subject of the dispute. Between 1996 and 2003 all royalty payments that were paid to CCME were deposited in a bank account in CCME's name and with CCME's tax identification number. When Arista paid a royalty to CCME

for the Song, I would pay Michelle 7/17ths of the amount that was paid, pay Robert 5/17ths the amount and pay David's estate 5/17ths of the amount. (Michelle's album royalty rate was 7% and CCME's album royalty rate was 17%). No one objected to the correctness of those payments.

When the dispute was settled, Robert and David's estate directed Arista to split the royalty and pay each of them one-half the amount owed. In turn Robert and Barbara who had become trustee of David's estate were each to pay Michelle 7/17ths of the amounts received. Barbara did so. Robert did not.

Michelle, because she knew the amounts Barbara had paid her between 2006 and 2011 and did not dispute those amounts, knew that the amount Robert owed her was $721.93. I believe that if Robert had paid Michelle $721.93 between 2005 and 2011, there would never have been a law suit because Michelle would have been paid in full.

As to my role in this, I represented CCME until 2003. I did not represent CCME thereafter. Between David's death in 1995 and today I represented the estate in an agreement it made with Warner Chappell Music in 2004 but have not represented it in any other way before or after 2004. I represented Robert on several other matters but ceased to represent him in 2006. I have not communicated either orally or in writing with Robert in any way since May, 2006.

Until this lawsuit, I considered Michelle and her husband, David Case, to be my friends. With regard to my representation of Michelle and David Case, if they had some matter they wanted me to represent either of them on, they would call or email me, ask me what I would charge for representing them on the matter and decide whether to use my services. Although Michelle entered into many agreements between 1992 and today, I only represented her on two of them. One was in 2007 when I negotiated an agreement for her to work at a radio station in West Palm Beach, Florida and once in 2010 when I reviewed a contract David Case had negotiated with an agent. I was only her lawyer on a case by case basis.

When Michelle first told me that Robert had not paid her any royalties, I told her that I could not represent her against Robert. In May, 2008, David Case sent me an email acknowledging that I did not represent her on this matter. The email said, in part, "I understand you have a conflict of interest in all of this but because of all the different types of revenues and royalties to be considered I think it important to get a great lawyer with knowledge of this field onto this case. Can you recommend someone?" (I will attach a copy of the email with my motion for summary judgement).

None-the-less, as a friend and because she was entitled, I wanted Michelle to be paid her royalties and cooperated with her and David Case in any way I could. However, I have no knowledge of anything that happened after 2003 other than the claims Michelle is asserting.

Most of the royalties owed Michelle were paid in the first few years after the release of the album containing the Song. The Song was an album track. The sales of the album were driven by the hit singles "I Will Always Love You" and "I'm Every Woman". Although one would have expected those royalties to have greatly diminished by 2005, the diminishment was heightened by the advent of I-tunes where you didn't have to buy the album to get the songs "I Will Always Love You" and "I'm Every Woman" and that added greatly to the diminishment of the sales of the recording of the Song .

I oppose the allowing of third amended complaint because it adds nothing to the claim which, at its heart, is only for non-payment of royalties, and will only delay the resolution of this dispute. At our conference on August 12, Plaintiff through her attorney said she was ready for trial.

Subject to defendants' motions for summary judgement, we should proceed to resolve this matter forthwith. I have already started drafting my motion for summary judgement and will submit it next week.

Very truly yours,

Jonathan Blank

3

USPS Priority Mail Express label (rotated). From: Jonathan Buchsbaum, 450 NE 48th St., Boca Raton FL 33431. To: United States District Court, Southern District of NY, 500 Pearl St., N.Y. N.Y. 10007. Scheduled delivery: Tues 09-08-15. Postage $19.99. USMS SDNY stamp.



**JONATHAN BLANK**

450 N.E. 48th Street
Boca Raton, Florida 33431-5024

PHONE: 561-338-3040   FAX: 561-372-9687

TO: Pro Se Unit
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007