PHILLIPS NIZER LLP
Helene M. Freeman (HF 3066)
(hfreeman@phillipsnizer.com)
Chryssa V. Valletta (CV 8507)
(cvalletta@phillipsnizer.com)
666 Fifth Avenue
New York, New York 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
*Attorneys for Defendants Robert Clivilles and*
*Barbara Warren-Pace, Trustee of the Cole Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHELLE CASE p/k/a MICHELLE
VISAGE,

                           Plaintiff,

                v.

ROBERT CLIVILLES, BARBARA WARREN-
PACE, TRUSTEE, THE COLE TRUST,
JONATHAN BLANK

                       Defendants.

--------------------------------------------------------x

**ELECTRONICALLY FILED
(ECF CASE)**

Case No: 12 Civ. 8122 (VSB)(MHD)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROBERT CLIVILLES AND THE DAVID COLE TRUSTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 3

PROCEDURAL HISTORY ................................................................................................ 5

ARGUMENT ...................................................................................................................... 7

POINT I        STANDARD ON A MOTION FOR SUMMARY JUDGMENT ........................... 7

POINT II       THIS COURT SHOULD GRANT SUMMARY JUDGMENT ON THE
               FIRST AND SECOND CAUSES OF ACTION DISMISSING THE FIRST
               CAUSE OF ACTION AGAINST THE TRUSTS AND ENTERING
               JUDGMENT AGAINST CLIVILLES FOR $721.93 PLUS INTEREST ............. 8

POINT III      THE THIRD CAUSE OF ACTION FOR FRAUD SHOULD BE
               DISMISSED ........................................................................................................ 10

      1.   The Statements that C&C Was No Longer In Existence and That Clivilles
           No Longer Dealt With C&C Cannot Survive Summary Judgment ................................ 11

      2.   The Allegation that Clivilles Failed To Assist Plaintiff With Her Retirement
           Account Cannot Survive Summary Judgment ................................................................ 14

      3.   The Allegation that Clivilles May Have Misrepresented That The Master Was
           Lost in a Flood Cannot Survive Summary Judgment ..................................................... 14

      4.   The Incorporated Fourth Cause of Action Does Not Contain a Fraud Claim ................ 15

CONCLUSION ................................................................................................................... 17

# TABLE OF AUTHORITIES

Page

## CASES

*Ace Securities Corp. v. DB Structured Products, Inc.,*
2015 WL 3616244 (N.Y. June 11, 2015) .................................................................. 9

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ................................................................................................... 7

*Bickerstaff v. Vassar Coll.,*
196 F.3d 435 (2d Cir. 1999) ...................................................................................... 7

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs.,*
98 F.3d 13 (2d Cir. 1996) ......................................................................................... 15

*Canigilia v. Chicago Tribune-N.Y. News Syndicate, Inc.,*
204 A.D.2d 233, 612 N.Y.S.2d 146 (1st Dep't 1994) .............................................. 16

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ................................................................................................... 7

*Colavito v. New York Organ Donor Network, Inc.,*
438 F.3d 214 (2d Cir. 2006) .................................................................................... 10

*First Hanover Sec. v. Sulcus Computer Corp.,*
871 F. Supp. 700 (S.D.N.Y. 1995) .......................................................................... 12

*Gross v. NBC,*
232 F. Supp. 2d 58 (S.D.N.Y. 2002) ........................................................................ 7

*Grossman v. Laurence Handprints-N.J., Inc.,*
90 A.D.2d 95 (2d Dep't 1982) ................................................................................. 10

*Jacqueline S. v. City of New York,*
228 A.D.2d 393 (1st Dep't 1996) ............................................................................ 13

*Landgarten v. Noise Cancellation Tech.,*
1993 WL 312999 (S.D.N.Y. Aug. 11, 1993) ........................................................... 13

*Lehman v. Dow Jones & Co.,*
783 F.2d 285 (2d Cir. 1986) .................................................................................... 13

*Lerner v. Fleet Bank, N.A.,*
459 F.3d 273 (2d Cir. 2006) .................................................................................... 10

*Levermore v. DeSilva,*
    465 Fed. Appx. 16 (2d Cir. 2012) ........................................................................ 14

*Pagano v. Smith,*
    201 A.D.2d 632 (2d Dep't 1994) ............................................................................ 9

*Papa's-June Music Inc. v. McLean,*
    921 F. Supp. 1154 (S.D.N.Y. 1996) .................................................................... 15

*Rodgers v. Roulette Records, Inc.,*
    677 F. Supp. 731 (S.D.N.Y. 1988) .................................................................. 9, 10

*Rojas v. Roman Catholic Diocese of Rochester,*
    660 F.3d 98 (2d Cir. 2011) ..................................................................................... 7

*Savitsky v. Mazzella,*
    210 Fed. Appx. 71 (2d Cir. 2006) .................................................................. 12, 13

*TVT Records v. Island Def Jam Music Grp.,*
    412 F.3d 82 (2d Cir. 2005) ................................................................................... 15

*Varnberg v. Minnick,*
    760 F. Supp. 315 (S.D.N.Y. 1991) ........................................................................ 9

*Winn v. McQuillan, P.O.,*
    390 F. Supp. 2d 385, 391-92 (S.D.N.Y. 2005) ...................................................... 7

## STATUTORY AUTHORITIES

28 U.S.C. § 1406(a) ........................................................................................................ 5

N.Y. Partnership Law § 62(4) ....................................................................................... 12

N.Y. Partnership Law § 64 ............................................................................................ 12

## RULES AND REGULATIONS

22 N.Y.C.R.R. § 1200 ................................................................................................... 16

Fed. R. Civ. P. 12(b)(2) .................................................................................................. 5

Fed. R. Civ. P. 12(b)(3) and 28 ...................................................................................... 5

Fed. R. Civ. P. 56 (1) ...................................................................................................... 1

Fed. R. Civ. P. 56(a) ....................................................................................................... 7

Defendants Robert Clivilles ("Clivilles") and the David Cole Trusts[1] (the "Trusts"), through their Trustee, Barbara Warren-Pace (collectively, "Defendants") submit this memorandum of law in support of their motion for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure (1) granting Defendants summary judgment dismissing Plaintiff Michelle Case p/k/a Michelle Visage's ("Plaintiff" or "Case") claims against the Trusts in their entirety and (2) granting summary judgment for $721.93 plus interest against Clivilles on Case's First and Second Causes of Action and otherwise dismissing the action against Clivilles.

## PRELIMINARY STATEMENT

Plaintiff's claims arise from a 1992 contract between her and Cole/Clivilles Music Enterprises ("CCME") (the "Contract"), pursuant to which she recorded, as a member of S.O.U.L. S.Y.S.T.E.M., the song "It's Gonna Be a Lovely Day" (the "Song"). Pursuant to the parties' agreement, Plaintiff was entitled to 7/17 of the artist royalties paid by Sony for the Song. To date, Plaintiff states she has received royalties of approximately $591,000 on account of sales of records of the Song.

CCME was a partnership between David Cole and Clivilles. David Cole died in January 1995. After Cole's death, the partnership dissolved, and in winding down its affairs, the assets were distributed equally to the former partners. The Trusts received Cole's half of the artist's royalties paid by Sony and were responsible for payment of half of the artist's royalties due to Plaintiff. Clivilles received and was responsible for paying the other half of Plaintiff's share of the artist's royalties.

There is no dispute that the Trusts paid its share of the royalties to Plaintiff during the relevant period (6 years prior to the commencement of this action). There is a small amount of

---

[1] The Second Amended Complaint refers to the "Trust" in the singular but there are actually two David Cole Trusts.

1

royalties ($721.93) still due to Plaintiff from Clivilles for his share for the six years prior to the commencement of this lawsuit, and Clivilles consents to the entry of a judgment against him for that amount plus interest.  Defendants have also submitted herewith an accounting which sets forth the amounts received from Sony as artist's royalties, together with the Sony account statements that were provided to Plaintiff prior to the institution of this action.  The calculation of Plaintiff's share of the artist's royalties, the payments made to her during the relevant period by the Trusts, and the interest that will accrue by the argument date of this motion (November 10, 2015) are easily determined based on these documents.

In her Second Amended Complaint (the "Complaint"), Plaintiff has asserted only one claim, breach of contract (the first cause of action), against the Trusts.  Because there is no dispute that the Trusts paid all amounts due to Plaintiff under the Contract during the statutory limitations period, the Trusts are entitled to summary judgment dismissing the Complaint in its entirety as against them.

Plaintiff has asserted three causes of action against Clivilles: breach of contract (the first cause of action), accounting (the second cause of action) and fraud (the third cause of action). As explained above, Clivilles owes Plaintiff $721.93 under the Contract, an amount equal to that paid by the Trusts and based on the Sony statements supplied to plaintiff by Warren-Pace before the filing of the action.  Accordingly, the Court should grant summary judgment on the breach of contract and accounting claims (the First and Second Causes of Action in the Complaint, respectively) against Clivilles for $721.93 plus interest.

The Court should also grant summary judgment dismissing Plaintiff's fraud claim (the Third Cause of Action) against Clivilles.  The vast majority of Plaintiff's fraud claim has already been dismissed with prejudice on Defendants' motion to dismiss.  The only allegations in

Plaintiff's fraud claim that were not dismissed with prejudice were the allegations that in a January, 2009 e-mail Clivilles responded to Plaintiff's request that he assist her in obtaining direct payment of royalties to her from Sony by saying that C&C no longer existed, that he did not deal with anything C&C anymore, and that she had enough funds to set up her retirement without funds from the Song.  This fraud claim cannot survive summary judgment because there is no admissible evidence that Plaintiff performed any actions in reliance upon Clivilles' statements or that she suffered any damages as a result of Clivilles' statements.

## STATEMENT OF FACTS

Plaintiff entered into an Exclusive Recording Agreement dated as of June 1, 1992 with Cole/Clivilles Music Enterprises (the "Contract").  *See* Exhibit B to Complaint.[2]   In 1992, pursuant to the Contract, Plaintiff performed lead vocals on the Song.  Complaint Sec. IV, ¶ 7, p. 3. The Song was included on the soundtrack for the motion picture "The Bodyguard" released by Arista Records.  *Id*.  Pursuant to the Contract, Plaintiff was to receive 7/17 of all artist's royalties that CCME received from Arista[3], the record company, for the Song.  *Id*.

Paragraph 6(f) of the Contract provides:

> "No royalties shall be payable for records sold for which company has not been paid or for which Company's account has not been credited, nor shall artist be owed royalties until Company has been paid or its account been credited by its distributor."

[Second Amended Complaint, Exh. B, at p. 6]  Accordingly, plaintiff was only entitled to be paid when, as and if defendants were paid by Sony.

The Contract further provides in paragraph 7:

> "All royalties paid to Artist on records sold by Company shall be calculated and paid by Company on the exact same basis as Company's royalties are calculated and paid by Company's

---

[2] Citations to the Complaint are to the Second Amended Complaint.
[3] Sony acquired the Arista record label.

> distributor and computed in the same manner as Company's royalties are computed by Company's distributor.  Company shall account and pay any royalties owing to Artist within one hundred fifty (150) days of each of June 30 and December 31 or sixty (60) days after company receives payment from its distributor (whichever is sooner)."

*Id.*  Therefore, to compute Plaintiff's royalties, one need merely determine the artist's royalties paid by Sony to defendants and pay plaintiff her share.

CCME was a partnership consisting of Defendant Clivilles and David Cole.  David Cole died in January 1995.  Complaint Sec. III, ¶ 3, p.2.   The partnership was dissolved by his death as a matter of law.  See Declaration of Barbara Warren-Pace in Support of Summary Judgment ("Warren-Pace Decl.") ¶ 2.  During the period 1992 to 2003, Plaintiff received royalty checks for the Song. Complaint Sec. IV, ¶¶ 9 - 11, p. 4.

Jonathan Blank paid Plaintiff her royalties from 1996 until 2003.  Complaint Sec. IV, ¶ 11, p. 4.  Thereafter, the former partners of CCME divided equally the partnership assets and the Trusts received the one-half of the royalties paid by Sony for the Estate of Cole.  Warren-Pace Decl. ¶ 3.  Clivilles received an equal amount.  *Id.* at  ¶¶ 3-4  and Exhs. D, E, F; Declaration of Robert Clivilles in Support of Summary Judgment ("Clivilles Decl.") ¶ 4.

The Trusts paid Plaintiff royalties for the period 2005-2012 and sent Plaintiff the statements received from Sony for the artist's royalties before this action was commenced.  Complaint Sec. IV, ¶ 20, p.6, First Cause of Action, ¶ 1, p. 8; Warren-Pace Decl. ¶ 5.  Plaintiff received approximately $591,000 in royalties for the Song.  Freeman Decl. Exh. C.  Based upon the Sony statements, Clivilles still owes Plaintiff $721.93 in royalties for the period 2005-2012, an amount equal to what the Trusts paid.  Warren-Pace Decl. ¶ 20.  Clivilles will consent to judgment being entered against him for $791.23, plus interest (which will amount to $480.94 by November 10, 2015).  Clivilles Decl. ¶ 7.  The Sony statements on their face show the artists'

royalties that Sony paid and consequently what was due Plaintiff (*e.g.*, Warren-Pace Decl. Exhibits D, E. F).

On January 22, 2009, Plaintiff e-mailed Clivilles and requested that he put her name on the Sony/BMG account so that she could be paid her artist royalty directly.   Compl. Exh. C. Clivilles responded in substance that there were very little royalties coming in, that the amount coming in would add perhaps $5 to her pension and that C&C was not active anymore.   *Id.*

## PROCEDURAL HISTORY

Case initially brought this action in the United States District Court for the Central District of California on May 7, 2012.   Thereafter, Defendants moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(2) or, in the alternative, transfer for improper venue pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a).

In an order dated October 22, 2012, the United States District Court for the Central District of California (Snyder, U.S.D.J.), transferred the action to this Court, holding that "a transfer venue is warranted, in the interests of justice, because: (1) the events giving rise to plaintiff's claims occurred in New York; (2) defendants are residents of New York or New Jersey; and (3) defendants do not appear to be subject to personal jurisdiction in California. . . plaintiff advised the Court she does not object to a transfer to New York."  Docket Number 16.

After the transfer, Defendants moved to dismiss the Amended Complaint's fraud and intentional and negligent infliction of emotional distress claims and to dismiss the entire action for lack of subject matter jurisdiction.   In a September 26, 2013 Memorandum Decision and Order (the "Order"), which adopted Magistrate Judge Dolinger's August 7, 2013 Report and Recommendation in its entirety, the Court decided the motion by dismissing the fiduciary duty, fraud, and infliction of emotional distress claims.

The Order dismissed the bulk of the fraud claim with prejudice, but allowed leave to replead a fraud claim premised on certain statements.  Specifically, the Order dismissed with prejudice Plaintiff's allegation that she was defrauded when signing the Contract with CCME, because she did not properly allege fraudulent misrepresentation and, even if she had, the statute of limitation had run.  Order at 4.  The Order also dismissed with prejudice Plaintiff's allegation that Clivilles fraudulently told Blank to stop paying Plaintiff royalties, because that claim was based on an alleged breach of the Contract, and did not concern representations collateral to or extraneous to the terms of the Contract and therefore did not constitute fraud.  *Id.* at 4-5.  Further, the Order dismissed with prejudice the fraud claim arising from Warren-Pace's alleged 1992 statement that it was customary to deduct the full cost of the video for the Song from Plaintiff's royalty check because (1) the allegation was barred by the Contract, which required that artists raise any objections to royalty statements within two years and (2) the statement was not a misrepresentation because Paragraph 10 of the Contract permitted the deduction.  *Id.* at 5.  Finally, the Order dismissed with prejudice the fraud claim premised on Blank's alleged statement made sometime between 2003 and 2005 that Clivilles would audit Sony and his failure to do so because (1) the claim was time-barred and (2) Plaintiff failed to allege facts suggesting that Blank's statement of Clivilles' intention to complete the audit, even if imputed to Clivilles, was false. *Id.* at 6.  Thus, although those allegations remain in the Complaint, any claim of fraud based upon them has already been dismissed with prejudice and therefore they will not be addressed in this memorandum of law.

The Order also dismissed without prejudice the fraud claim premised on the following misrepresentations: (1) the statement that C&C was no longer in existence, (2) the statement that Clivilles no longer dealt with C&C, and (3) Clivilles' failure to assist Plaintiff with her

retirement account.  Order at 5-6.  As set forth in detail below, those allegations should now be dismissed with prejudice.

## ARGUMENT

### POINT I

### STANDARD ON A MOTION FOR SUMMARY JUDGMENT

"Summary judgment procedure is properly regarded … as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citations omitted).  Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute exists only if the evidence is such that a reasonable jury could return a verdict for the Plaintiff.  *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011).  "Mere conclusory statements, conjecture or speculation" by the Plaintiff will not defeat summary judgment.  *Gross v. NBC*, 232 F. Supp. 2d 58, 67 (S.D.N.Y. 2002).  Instead, the Plaintiff must offer "concrete particulars."  *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 451 (2d Cir. 1999) (district court properly disregarded non-moving party's affidavit because it lacked "concrete particulars").

Moreover, a fact is "material" only if it might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over an immaterial fact, that is, one that will not affect the outcome of the suit, will not preclude summary judgment.  *Id.; see also Winn v. McQuillan, P.O.*, 390 F. Supp. 2d 385, 389, 391-92 (S.D.N.Y. 2005).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp.*, 477 U.S. at 323.

**POINT II**

**THIS COURT SHOULD GRANT SUMMARY JUDGMENT ON THE FIRST AND SECOND CAUSES OF ACTION DISMISSING THE FIRST CAUSE OF ACTION AGAINST THE TRUSTS AND ENTERING JUDGMENT AGAINST CLIVILLES FOR $721.93 PLUS INTEREST**

The Court should enter judgment against Clivilles on the First (for breach of contract) and Second (for an accounting) claims in the Second Amended Complaint in the amount of $721.93 plus interest, and should dismiss the First Cause of Action against the Trusts (which is the only cause of action asserted against the Trusts).

In the First Cause of Action, Plaintiff alleges that the Defendants breached the Contract by (1) recouping the costs for the video of the Song from Plaintiff, (2) failing to turn in a completed master recording to Arista, (3) failing to address concerns in accounting for the period before 2003, (4) failing to report results of an audit and (5) by failing to pay her royalties due in 2003-2012 (Clivilles) and 2003-2005 (the Trust). *See* Comp. First Cause of Action, p. 8. The only colorable claim is the claim for failure to pay royalties against Clivilles in the period from May 7, 2006 through May 6, 2012.

The Court has already determined in the Order that Defendants had the right under the Contract to recoup the video costs from Plaintiff. *See* Order at 5 (*see also* Report and Recommendation at 35 "it is clear to a legal certainty that Plaintiff is not entitled to void the deduction of $300,000 for video expenses"). The Court further held that "this allegation is barred by a limitation clause in the Agreement that requires that artists raise any objections to royalty statements within two years." *Id.; see also* Complaint Exh. B, ¶ 7, pg. 6 ("Artist shall have two (2) years from the date of the royalty statement to object to that statement.") Accordingly, to the extent Plaintiff's claim for breach of contract is premised on the recoupment of the video costs it has already been dismissed.

Plaintiff's claim for failure to turn in the master recording is also time barred.  Plaintiff alleges this happened in 2000, 12 years before this lawsuit began.  *See* Complaint, Sec. IV, ¶ 14, p. 3.  There is a six year statute of limitations for breach of contract claims in New York.  See N.Y. C.P.L.R. § 213(2); *Varnberg v. Minnick*, 760 F. Supp. 315 (S.D.N.Y. 1991) (granting summary judgment where alleged breach of contract occurred more than six years before suit brought); *Ace Securities Corp. v. DB Structured Products, Inc.*, 2015 WL 3616244 (N.Y. June 11, 2015).

Plaintiff's claim for failure to address "concerns" in accounting before 2003 – nine years before this action was filed -- is time barred by the two year statute of limitations in the Contract to raise objections to royalty statements, and also is time-barred by the general six year statute of limitations for breach of contract.  *See* Complaint Exh. B, ¶ 7; N.Y.C.P.L.R. § 213(2).

This Court has already held that Plaintiff's claim for Defendants' alleged failure to report results of an audit is time-barred under the statute of limitations for fraud.  Order at 6.  As this Court held, "[a]lthough Plaintiff was aware that the audit was to be conducted and completed in 2005, Plaintiff waited seven years, until 2012, to file this lawsuit. . ."  The statute of limitations for a fraud claim is the same six-year period as the statute of limitations for a contract claim.  Order at 6 (citing N.Y.C.P.L.R. § 213(8)).  Thus, this claim is time barred when asserted as a contract claim just as it was when it was asserted as a fraud claim.

Only royalty payments due in the six years prior to the institution of this action are actionable under the statute of limitations.  *See Pagano v. Smith*, 201 A.D.2d 632, 633 (2d Dep't 1994) (action was not time barred for installments due to plaintiff during the six years prior to the date the action was commenced).  *See also Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731, 736 (S.D.N.Y. 1988) ("six year statute of limitations applies to each of the royalty

statements; plaintiffs are precluded by the statute from suing on statements issued or due ...

prior"). It is undisputed that the Trusts paid all royalties they owed Case for the sums received

by the Trust in the six years preceding the filing of the Action. *See* Warren-Pace Decl. ¶ 5;

Complaint, First Cause of Action, ¶ 1, p. 8. Therefore, summary judgment should be granted to

the Trusts dismissing the Complaint as against them.

Based on Sony's account statements, Clivilles owes Plaintiff $721.93 for the portion of

the artist's royalties he received for the six years preceding the filing of this action, plus interest.

He is willing to pay this sum. Clivilles Decl. ¶ 7. Clivilles also confirms the accuracy of the

accounting contained in the Warren-Pace Declaration of the amount he owes and the identity of

the copies of the Sony Statements that he receives to those received by the Trusts.[4] Clivilles

Decl. ¶¶ 3-4. Accordingly, Clivilles requests that the Court enter judgment against him for

$721.93 plus interest.

## POINT III

### THE THIRD CAUSE OF ACTION FOR FRAUD SHOULD BE DISMISSED

Plaintiff's fraud claim against Clivilles cannot survive summary judgment. Under New

York law, to establish a claim for fraud, plaintiff must show by clear and convincing evidence

that (1) the defendants misrepresented a material fact, (2) the defendants knew they were making

a false representation, (3) plaintiff justifiably relied upon such misrepresentation and (4) plaintiff

suffered harm as a result. *E.g., Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006);

*Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 222 (2d Cir. 2006). The

---

[4] It should also be noted that there is no actionable claim for an accounting under New York law where the defendant has no fiduciary duty or similar duty to the plaintiff. *See Rodgers*, 677 F. Supp. at 738-39 (to establish an accounting claim "plaintiff must demonstrate the existence of a fiduciary relationship between himself and defendant, or the existence of a joint venture or other special circumstances warranting equitable relief"); *see also Grossman v. Laurence Handprints-N.J., Inc.*, 90 A.D.2d 95, 104-105 (2d Dep't 1982). Plaintiff's breach of fiduciary duty claim was dismissed because the Court found that "Plaintiff and Defendant do not have a fiduciary relationship." Order at 4. Plaintiff also has not plead or shown any admissible evidence of the existence of a joint venture or special circumstance.

following "false statements" are the only allegations of fraudulent statements in the Complaint that were not dismissed with prejudice in the Court's Order:

(1) On January 22, 2009, in an email, Clivilles claimed that C&C was no longer in existence although there was a company called C&C Music Factory Records, Inc. in existence in February 2007;

(2) In 2009, Clivilles told Case that he didn't "deal with anything C&C anymore"; and

(3) In 2009, Clivilles told Case that "I am sure you have enough with all the other stuff to set up retirement, soul system might add 5 dollars to that?  Sorry, the bigger picture is we all had fun and made good money for a few hours in the studio"

Plaintiff also states that it is "possible" that Clivilles' statement to her in 2000 that the master recording was "lost in the flood" was also fraudulent.  Complaint First Cause of Action ¶ 8, p. 11.

Further, Plaintiff states that she "includes all portions of the fourth cause of action against Defendant Blank as plead specifically in this fraud count herein against Clivilles."  Complaint First Cause of Action ¶ 9, p. 11.

There is no admissible evidence to support a reasonable jury finding that any of the aforesaid statements are false or that the third or fourth essential elements (reliance or damages) of a fraud claim have been established, and thus Plaintiff's fraud claim must be dismissed.

**1.      The Statements that C&C Was No Longer In Existence and That Clivilles No Longer Dealt With C&C Cannot Survive Summary Judgment**

The statement that C&C was no longer in existence in 2009 and that Clivilles no longer dealt with anything C&C were true and thus cannot be the basis for fraud.  The entity that entered into the contract, CCME, was dissolved in 1995 by operation of law upon the death of

David Cole, one of the two partners.  *See* Comp. ¶ 10.; New York Partnership Law § 62(4) ("Dissolution is caused. . . by the death of any partner").  As demonstrated by the accounting statements from Sony, the assets for the former partnership were distributed equally to the former partners and Clivilles was not carrying on the partnership.  Indeed, he could not do so. Upon dissolution, Clivilles lost all authority to do anything on behalf of CCME, other than to wind up the partnership's affairs or complete transactions begun, but not finished.  New York Partnership Law § 64. [5]

While the Order dismissed the fraud claim premised on these statements without prejudice, it did so based on Plaintiff's hypothetical ability to assert a "colorable claim" if C&C Music Factory Records, Inc. had acquired the liabilities of CCME and Clivilles had somehow used that to commit a fraud on Plaintiff.  Order at 5.  There is no evidence that CCME's liabilities were acquired by C&C Music Factory Records, Inc., so Plaintiff's fraud claim fails for that reason alone.  Even if the liabilities had been acquired, however, the claim must fail because there is no evidence that Plaintiff took any actions in reliance upon Clivilles' statements that C&C was no longer in existence or that he no longer dealt with anything C&C.  *See First Hanover Sec. v. Sulcus Computer Corp.*, 871 F. Supp. 700, 702 (S.D.N.Y. 1995) (granting summary judgment for defendant on fraud claim where plaintiff failed to establish "crux of reliance" since it had "not identified any action that it took, or refrained from taking, and that resulted in legally cognizable harm to [plaintiff] as a result of its acceptance of the Alleged Misrepresentation").  *See also Savitsky v. Mazzella*, 210 Fed. Appx. 71, 73 (2d Cir. 2006) (affirming district court's grant of summary judgment to defendant on fraud claim where plaintiff failed to produce any evidence of reliance).

---

[5] Of course, Clivilles' formation of a new entity with a similar name and making music under that name could not harm Plaintiff in any way, as she was only entitled to her share of the royalties for the Song under the Contract, and has no rights to any other songs Clivilles might produce.

Indeed, Plaintiff investigated Clivilles' statements in his email to determine whether they were false and discovered the existence of C&C Music Factory Records, Inc. (*see* Exhibit E to Complaint; Complaint Sec. IV, ¶ 12, p. 4).  Such investigation negates any claim that Plaintiff relied on the statement.  *See Savitsky* (no reliance where plaintiff investigated representations and tried to show they were false); *Jacqueline S. v. City of New York*, 228 A.D.2d 393, 394 (1st Dep't 1996) (affirming grant of summary judgment to defendant on fraud claim since plaintiff's efforts to prove the falsity of the alleged misrepresentations "necessarily negated any claim of reasonable reliance on the alleged misrepresentations").

Summary judgment is also appropriate because there is no evidence that Plaintiff suffered any out of pocket injury as a direct and proximate result of reliance upon the alleged misrepresentations.  *See, e..g., Lehman v. Dow Jones & Co.*, 783 F.2d 285, 295 (2d Cir. 1986) (affirming district court's grant of summary judgment to defendant on fraud claim where plaintiff failed to adduce facts sufficient to show any specific injury flowing from the alleged fraud); *Landgarten v. Noise Cancellation Tech.*, 1993 WL 312999, at *3-4 (S.D.N.Y. Aug. 11, 1993) (granting summary judgment for defendant on fraud claim where plaintiff suffered no out of pocket loss as a result of the alleged fraud).

All that Plaintiff is entitled to receive is her share of the artist's royalties paid by Sony, as and when they are received.  Plaintiff cannot bootstrap her damages on the breach of contract claim into a fraud claim.  *See Dow Jones*, 783 F.2d at 296 (plaintiff's assertion defendant failed to pay amount it would have paid under alleged contract insufficient to establish damages on fraud claim since defendant's failure to pay was a "loss-of-benefit" rather than an out of pocket loss to the plaintiff and thus only appropriate for contract damages).

###### 2.     The Allegation that Clivilles Failed To Assist Plaintiff With Her Retirement Account Cannot Survive Summary Judgment

Plaintiff's allegations that Clivilles failed to assist her with her retirement account in 2009 fails to state a claim of fraud.   There is no "misrepresentation of a material fact," as required for a fraud claim. Instead, Plaintiff asked Clivilles for his assistance and he refused. There are no statements of fact of any kind contained in Clivilles' e-mail response to her request.

While the Order states that Plaintiff might be able to assert a fraud claim based on Clivilles' failure to assist her, it states that she could do so only if "Plaintiff can establish . . . that Plaintiff justifiably relied on these representations."  Order at 6.  But Plaintiff has not established and cannot establish justifiable reliance.  There is no admissible evidence that Plaintiff took any actions as a result of Clivilles' statements.  In addition, there is no admissible evidence that she suffered any damages as a result of his statements.  Therefore, summary judgment is appropriate on this claim as well.

###### 3.     The Allegation that Clivilles May Have Misrepresented That The Master Was Lost in a Flood Cannot Survive Summary Judgment

The allegation that Clivilles may have misrepresented the status of the master recording as "lost in the flood" cannot survive a motion for summary judgment.  Plaintiff claims that she was misled by this statement in 2000, twelve years before bringing this action.  She cannot now, at this late date, assert a fraud claim.  The fraud statute of limitations is six years after the commission of the fraud unless it is brought within two years from the time the plaintiff "discovered the fraud, or could with reasonable diligence have discovered it."  *Levermore v. DeSilva*, 465 Fed. Appx. 16, 17 (2d Cir. 2012) (quoting N.Y. C.P.L.R. 213(8)).  Here, the statute of limitations is six years because Plaintiff fails to allege that she was unaware of any relevant facts at the time the alleged misrepresentations were made.

### 4. The Incorporated Fourth Cause of Action Does Not Contain a Fraud Claim

Plaintiff incorporates her fourth cause of action against Blank as against Clivilles.  See Complaint, Third Cause of Action ¶ 9 at pg. 11.  There is no allegation in the Fourth Cause of Action of any misrepresentation that was made to Case, but rather an allegation that Blank failed to disclose "Clivilles attempts to illegally withhold/steal moneys from the Plaintiff."  Complaint, Fourth Cause of Action ¶ 3, p. 12.  This allegation is nothing more than an allegation that Blank failed to disclose Clivilles' intention to breach the Contract by not paying Plaintiff  her share of the royalties for the Song.  This Court dismissed with prejudice the fraud claim arising from the similar allegation that Clivilles told Blank to stop paying Plaintiff because she had "made enough money", because such claim was nothing more than a failure to disclose an intention to breach the parties' contract and thus not actionable as fraud.    As stated in the Report and Recommendation, which was adopted by the Court:

> However, even if we view the alleged conduct as a failure to disclose to plaintiff an intention to breach the parties' contract, such a claim is not actionable as fraud.  *See, e.g., TVT Records v. Island Def Jam Music Grp*., 412 F.3d 82, 90 (2d Cir. 2005); *Papa's-June Music Inc. v. McLean*, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) (holding that a contract claim cannot be reworked into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the contract).  If a fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs*., 98 F.3d 13, 20 (2d Cir. 1996). . . .In contrast, a fraud claim may survive if the plaintiff can '(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.' *Id*.  (internal citations omitted).

Here, plaintiff's proposed fraud claim fails to meet any of these criteria.  Clivilles' legal duty to pay plaintiff royalties is central to the Agreement, and any breach of that duty – such as Clivilles' alleged decision to stop making royalty payments – amounts to a breach of contract.  Plaintiff cannot reframe this claim into one of fraud.  Plaintiff cannot assert a cause of action for fraud where "the only fraud alleged merely relates to a contracting party's alleged intent to breach a contractual obligation."  *Canigilia v. Chicago Tribune-N.Y. News Syndicate, Inc*., 204 A.D.2d 233, 234, 612 N.Y.S.2d 146, 147 (1st Dep't 1994).  Moreover, Plaintiff alleges no special damages occasioned by the purported fraud, as distinguished from the denial of royalties, a loss that constitutes contractual damages.  Accordingly, we recommend that plaintiff's allegation of fraud with respect to the premature cessation of royalty payments be dismissed with prejudice for lacking colorable grounds for relief.  *See Cortec Indus*., 949 F.2d at 48.

Report and Recommendation 20-22.  Likewise here, even if Blank may have had a duty to  Case as her attorney, Clivilles had no duty to her outside the Contract.[6]  The misrepresentation is also not collateral to the Contract as it relates merely to the failure to perform a contractual duty – payment of royalties.  Moreover, Plaintiff has not alleged any special damages.  Thus, any fraud claim ostensibly incorporated from the Fourth Cause of Action must fail.

---

[6] We note that Blank owed Cole and Clivilles the duty to maintain their confidential information relating (22 N.Y.C.R.R. § 1200 (Rule 1.6)) and was barred by the New York Rules of Professional Conduct from representing Case in any matter related to the Contract.  22 N.Y.C.R.R. § 1200 (Rule 1.9).  The record reflects that an attorney at Pryor Cashman represented Case in the negotiation of the Contract (Complaint Sec. IV, ¶ 6 p. 3 and Exh. B, ¶ 1) and Blank states he did not represent Case in her dealings with Cole and Clivilles.  Compl. Exh. A at ¶  5.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion in its entirety and grant Defendants' costs and attorneys' fees in defending this matter and such other relief as the Court deems proper.

Dated: New York, New York
        September 11, 2015

PHILLIPS NIZER LLP

By: /s/Helene M. Freeman
    Helene M. Freeman (HF 3066)
    Chryssa V. Valletta (CV 8507)
    hfreeman@phillipsnizer.com
    cvalletta@phillipsnizer.com
    666 Fifth Avenue
    New York, New York 10103-0084
    (212) 977-9700
    hfreeman@phillipsnizer.com
    cvalletta@phillipsnizer.com
    *Attorneys for Defendants Robert*
    *Clivilles and the David Cole Trusts,*
    *through their trustee, Barbara Warren-*
    *Pace*

1262934.3

17