UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24

------------------------------------------x
                                          :
MICHELLE CASE,                            :
                                          :
                         Plaintiff,       :          12-cv-8122 (TPG)
                                          :
           v.                             :          **OPINION**
                                          :
                                          :
ROBERT CLIVILLES, BARBARA                 :
WARREN-PACE, and JONATHAN BLANK,          :
                                          :
                         Defendants.      :
------------------------------------------x

The claims in this litigation pertain to a recording agreement ("Agreement") between artist Michelle Case and a production company known as Cole/Clivilles Music Enterprises ("CCME"). The production company was owned and operated by Robert Clivilles and David Cole. Case asserts claims of breach of contract, accounting, fraud, and professional negligence. The defendants in this litigation are Robert Clivilles, the David Cole Trusts ("Cole Trusts"), and attorney Jonathan Blank.

Two motions are pending before the Court. Defendants Robert Clivilles and the Cole Trusts, through trustee Barbara Warren-Pace, have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant Jonathan Blank has filed a motion to dismiss the second amended complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

The Court grants summary judgment for Case against Clivilles on one of her breach of contract claims. The Court grants summary judgment for defendants Clivilles and the Cole Trusts on all other claims asserted against them by Case. Defendant Blank's motion to dismiss the Complaint is also granted.

Background

## A. Factual History

I.  *Royalties Due Pursuant to the Agreement*

Plaintiff Michelle Case is a singer. She entered into the recording Agreement with CCME in 1992. Defendants Robert Clivilles and David Cole owned and operated CCME as a partnership at the time of the Agreement.

In 1992, while she was a party to the Agreement, Case co-wrote and performed lead vocals on the song "It's Gonna be a Lovely Day" ("Song"). CCME signed a contract with Artista Records, Inc., to distribute the Song. The contract required Artista to pay CCME royalties for such distribution. Pursuant to the Agreement, CCME was obligated to pay Case 7/17 of the royalties CCME received from Artista for the Song.

When Cole died in 1995, the CCME partnership was dissolved by operation of law. Cole left his interest in CCME to the Cole Trusts. Upon CCME's dissolution, Clivilles retained a 1/2 interest in CCME's contracts and obligations and the Cole Trusts held the other 1/2 interest. From 2003 to the present, Artista has paid 1/2 of the royalties for the Song to Clivilles and the other 1/2 of the

2

royalties for the Song to the Cole Trusts. Clivilles and the Cole Trusts are each responsible for paying 1/2 of the royalties Case is entitled to earn in connection with the Song.

Case received the royalties she was entitled to from 1992 to 2003, but she stopped receiving royalties in 2003. Case alleges Clivilles destroyed the post-2003 royalty statements from Artista.

In 2008, Case contacted the trustee of the Cole Trusts, Warren-Pace, to complain that she had not received royalties for the Song since 2003. Warren-Pace sent Case royalty statements from Artista, which reflected the royalties paid to the Cole Trusts and Clivilles. Warren-Pace used those royalty statements to calculate the royalties owed to Case from July 1, 2005 to December 31, 2012. Case was entitled to $1,443.86 in royalties for that time period. Warren-Pace paid Case $721.93, representing the Cole Trusts' portion (1/2) of the royalties owed to Case. Warren-Pace did not pay Case for royalties due between 2003 and July 1, 2005.

Clivilles also owed Case $721.93 in royalties for the period of July 1, 2005 to December 31, 2012. Clivilles has not paid Case the $721.93 in royalties he owed to her for that time period. Clivilles admits that he owes her $721.93 plus interest.

In 2009, Case emailed Clivilles to obtain information about her royalties for her American Federation of Television and Radio Artists ("AFTRA") account. In the email, Case also asked Clivilles to add her name to the Artista account for

3

the Song so that she could receive royalties directly. Clivilles did not help her with her AFTRA account. He told her that he did not deal with anything related to Cole/Clivilles Music Enterprises (CCME) anymore and that CCME no longer existed. Clivilles did not inform Case that, in 2007, he started a business with a similar name called C&C Music Factory Records, Inc., which is still operational.

II.   *Other Agreement Provisions*

Several other provisions of the Agreement are at issue in this litigation.

First, the Agreement allowed CCME to deduct the full cost of any music videos from Case's royalties. In 1992, Case made a video for the Song and CCME deducted the full cost of that video from her royalties the same year.

Second, the Agreement stated that if CCME audited Artista, CCME must pay Case her pro rata share of any outstanding royalties discovered through the audit. At some point between 2003 and 2005, Case alleges that the lawyer representing CCME, Jonathan Blank, informed her that Clivilles was having Artista audited. Clivilles apparently did not have Artista audited. Case was not informed about the status of the audit.

Third, the Agreement required CCME to make four Master recordings ("Masters") of Case's music while the Agreement was in operation. By its terms, the Agreement lasted, at most, 162 months. In the 1990s CCME made one Master of Case's music. Case alleges that, in 2000, Clivilles informed her that her Master had been lost in a flood.

III.   *Blank's Professional Role*

4

Attorney Jonathan Blank represented CCME in connection with the Song and the Agreement. An unexecuted version of the Agreement states that Case was represented by attorney David Mantel in conjunction with the Agreement. Blank did not represent Case in conjunction with the Agreement.

From 1996 to 2003, Blank continued to represent CCME in conjunction with the Agreement. In that role, Blank processed the royalty checks from Artista and distributed royalty checks to Case for her share.

Blank has, on occasion, represented Case in conjunction with legal matters other than the Agreement. Blank has not represented Case in conjunction with legal matters involving CCME or Clivilles.

In 2009, Case had a meeting with Blank. He allegedly informed her: 1) that Clivilles had directed Blank to stop paying royalties to Case for the Song in 2000, and 2) that Clivilles knew he was not supposed to deduct the full cost of the video for the Song from Case's royalties in 1992.

**B. Procedural History**

I.    *The Complaint*

Case initiated this litigation on May 7, 2012, asserting various claims, including fraud and infliction of emotional distress, against defendants Clivilles and the Cole Trusts. Clivilles and the Cole Trusts moved to dismiss the fraud and infliction of emotional distress claims. On September 26, 2013, this Court granted the motion to dismiss those claims. Two of Case's fraud allegations were dismissed without prejudice, allowing her an opportunity to replead the claims.

5

The Court dismissed without prejudice Case's allegation that Clivilles defrauded her by stating that CCME was no longer in existence in 2009 and that he no longer dealt with that business. The Court also dismissed without prejudice Case's allegation that Clivilles defrauded her by failing to assist her with her AFTRA account.

On April 30, 2014, Case filed the second amended complaint ("Complaint"), the operative complaint in this litigation, adding Blank as a defendant. On October 4, 2016, the Court denied Case leave to amend the Complaint again due to unjustified delay and the futility of the amendments proposed. In the Complaint, Case asserts four causes of action.

First, Case brings breach of contract claims against Clivilles and the Cole Trusts on five grounds. Case alleges that Clivilles and the Cole Trusts breached the Agreement by: 1) failing to pay royalties for the Song from 2003 to 2012; 2) failing to respond to her accounting concerns or report the results of an audit of Artista; 3) deducting the full cost of the video for the Song from Case's royalties in 1992; 4) failing to give Case's completed Master to Artista; and 5) failing to deliver four Masters to Artista.

Second, Case alleges Clivilles breached his contractual and fiduciary duties to account for the royalties owed to her.

Third, Case alleges Clivilles defrauded her. Several of Case's fraud allegations have already been dismissed with prejudice by this Court. The two

remaining fraud claims were dismissed without prejudice in the Court's September 26, 2013 decision and have been reasserted in the Complaint. Case alleges that Clivilles defrauded her by: 1) stating that CCME was no longer in existence in 2009 and that he no longer dealt with the company; and 2) failing to help Case with her AFTRA account. Case also purports to incorporate the allegations in the fourth cause of action in the fraud claim, but as discussed below, the fourth cause of action does not contain any allegations of fraud against Clivilles.

Lastly, in the fourth cause of action, Case alleges that Blank was professionally negligent while acting as her attorney. Specifically, Case alleges that Blank violated his professional duty by: 1) failing to disclose Clivilles's attempts to improperly withhold her royalties; and 2) providing Case with the incorrect statute of limitations on her fraud claims against Clivilles.

II.    *Clivilles and the Cole Trusts' Motion for Summary Judgment*

Clivilles and the Cole Trusts filed a joint motion for summary judgment. Clivilles concedes that Case is entitled to judgment as a matter of law on her breach of contract claim against him for the royalties owed between July 1, 2005 and December 31, 2012. Similarly, Clivilles concedes that Case is entitled to judgment as a matter of law on her claim that Clivilles failed to send her accounting statements for the royalties during that time period, as required by the Agreement.

7

Clivilles and the Cole Trusts argue they are entitled to judgment as a matter of law on all of Cases' remaining claims. As to Case's breach of contract and accounting claims for royalties due before July 1, 2005, Clivilles and the Cole Trusts argue that the applicable statute of limitations bars those claims. As to Case's breach of contract claim based on the Cole Trusts' failure to pay royalties for the period of July 1, 2005 through December 31, 2012, the Cole Trusts assert that the undisputed facts demonstrate that they have already paid Case royalties for that period.  Finally, as to the remaining fraud and breach of contract allegations against Clivilles, he asserts that the undisputed facts cannot give rise to liability.

Case responded to Clivilles and the Cole Trusts' motion for summary judgment on the breach of contract and accounting claims with two arguments. First, Case argues that the applicable statute of limitations on all royalties due under the Agreement did not begin to run until October 2006 because she had an open, mutual account with CCME. Therefore, Case argues, her claims for royalties are not barred because she filed this lawsuit before the statute of limitations expired in October 2012. Second, Case accuses Clivilles of "intentionally abandoning" the documents necessary to prove her breach of contract and accounting claims.

Case responds to Clivilles's motion for summary judgment on the fraud claims by reasserting that Clivilles engaged in a "coordinated attempt to steal royalties from [Case]." Case's Memorandum of Law in Opposition to Defendants

Robert Clivilles, Jonathan Blank and the David Cole Trusts' Motions for Summary Judgment at 10.

III.   *Blank's Motion to Dismiss*

Blank filed a motion to dismiss the professional negligence claims asserted against him in the Complaint. Blank argues that he had no attorney-client relationship with Case in conjunction with the matters at issue, that Case did not experience any harm, and that his actions were not the cause of any harm she did experience. In response to Case's allegation based on Blank's failure to disclose Clivilles's scheme to withhold royalties from her, Blank argues that 1) he did not represent Case in conjunction with the Agreement, and 2) that his actions did not cause Case any injury. In response to Case's claim based on the incorrect statute of limitations information, Blank argues that 1) he did not represent her in conjunction with the litigation against Clivilles, and 2) Case cannot establish that she would have been successful in her underlying claims.

Discussion

## A. Clivilles and the Cole Trusts' Motion for Summary Judgment

Clivilles and the Cole Trusts have moved for summary judgment on the first, second, and third causes of action in the Complaint. Clivilles admits liability on some claims, asserts the statute of limitations as an affirmative defense against other claims, and argues that the remaining claims are deficient. The Cole Trusts argue that the statute of limitations bars some claims asserted

9

against them and that the remaining claims are deficient. The Court will address each of the claims in turn.

Summary judgment is proper when the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if "it might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court may grant summary judgment in favor of a party that merely opposed summary judgment rather than filing a cross motion for summary judgment. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2720, at 29–30 (2d ed. 1983); *see also Lowenschuss v. Kane,* 520 F.2d 255, 261 (2d Cir. 1975).

On a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party" and "resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). The movant has the burden of showing that no genuine dispute of material fact exists, but if the burden of proof at trial would fall on the non-moving party, the movant need only show a lack of evidence on "an essential element of the non-movant's claim." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013). In that circumstance, the non-moving party has the burden of showing that he has presented sufficient admissible evidence to raise a genuine dispute of material fact. *Id.* The evidence must be in the form of specific facts, as reliance on the

10

allegations in the pleadings is insufficient. *Wrobel v. Cty. of Erie*, 692 F.3d 22, 30 (2d Cir. 2012). Conclusory allegations and unsubstantiated speculation are not enough to defeat a motion for summary judgment. *Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731, 734–35 (S.D.N.Y. 1988).

Pursuant to Local Rule 56.1, a party moving for summary judgment must submit a "separate short and concise statement, in numbered paragraphs, of the material facts as to which the party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). Each of those statements is "deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served" by the non-moving party. Local Civ. R. 56.1(c).

Case did not submit a response to Clivilles and the Cole Trusts' Rule 56.1 statement, the facts contained therein are deemed admitted for the summary judgment motion.

I.    *Breach of Contract Claims*

Clivilles acknowledges that he owes Case $721.93 plus interest for royalties due between July 1, 2005 and December 31, 2012 pursuant to the Agreement. Clivilles and the Cole Trusts submitted copies of the royalty statements from Artista for that period of time. The royalties Clivilles owes Case can be calculated from those statements. Case is entitled to judgment as a matter of law on the breach of contract claim against Clivilles for royalties due between

11

July 1, 2005 and December 31, 2012 because the evidence establishes that Clivilles owes Case royalties for that period of time.

Clivilles and the Cole Trusts move for summary judgment on Case's breach of contract claims based on royalties due before July 1, 2005 on the grounds that New York's six-year statute of limitations bars recovery. *See* Civil Practice Rules and Laws (CPLR) § 213 (McKinney 2016). Case does not contest the applicability of the statute, but asserts that the statute of limitations did not begin to run on any of the claims until October 2006 because she had an open, mutual account with CCME. Case argues that the open, mutual account with CCME lasted until October 2006 because that was the last date on which she received a check from Blank.

An open, mutual account is an account that allows the parties to "set off [credits and debits] one against the other so that it is only the balance that constitutes the claim." *Rodgers*, 677 F. Supp. at 735. If an open, mutual account exists, "no cause of action accrues until the last transaction occurs." *Levinson Steel Co. v. Schiavone Constr. Co.*, 637 F. Supp. 164, 166–67 (S.D.N.Y. 1986). To determine whether there is an open, mutual account, the Court must consider the "intention of the parties" when they entered into their agreement. *In re Meyrowitz' Estate*, 114 N.Y.S.2d 541, 548 (Surr. Ct. 1952). An open, mutual account ends when a balance of the account is stated, thereby triggering the running of the statute of limitations. *Rodgers*, 677 F. Supp. at 735. "The lack of offsetting debits and credits in the statutory period negates the existence of a

12

mutual account," and "a finite series of debits followed by an indefinite series of credits does not constitute a mutual, open and current account" either. *Id.* at 736.

Case alleges that the parties had an open, mutual account because CCME charged her royalties account for costs, including the cost of the video for the Song. Case argues that the Court should assume that an open, mutual account continued to exist until October 2006 because Clivilles did not maintain the royalty statements and could have been making deductions until that date. Case chose the 2006 date because she alleges that was the date of the last transaction on the account: a check she received for royalties from Blank. By Case's theory, the statute of limitations did not start to run until October 2006 and would not bar her claim for royalties owed before July 1, 2005. Case does not offer factual support for the allegation that Blank gave her a check in October 2006.

Clivilles and the Cole Trusts dispute Case's description of the open, mutual account, arguing that no such account existed after July 1, 2005. Even if an open, mutual account existed before that date, Clivilles and the Cole Trusts argue they have provided royalty statements definitively showing no deductions after July 1, 2005. Therefore, defendants argue, there was no open, mutual account as of July 1, 2005.

Case relies on *Rodgers* to support her argument that an open, mutual account existed until October 2006. In *Rodgers,* the plaintiff sued his record

13

company for failing to pay royalties or account for the royalties he was owed pursuant to his contract. 677 F. Supp. at 733. The parties' contract stated that defendant would pay plaintiff royalties and charge certain costs against plaintiff's royalties. *Id.* The contract required defendant to issue a statement of the balance every six months. *Id.* at 735. The defendant argued that plaintiff's claims were barred by New York's six-year statute of limitations for contract claims. *Id.* The plaintiff asserted that the statute of limitations had not run because the parties had an open, mutual account. *Id.* The court found that the parties intended an open, mutual account only for each six-month period between statements and that it would be unfair to hold defendants liable indefinitely. *Id.* at 736. The court then applied the six-year statute of limitations and held that the plaintiff's claims were time barred. *Id.*

Here, Case presents facts nearly identical to that of the plaintiff in *Rodgers.* As in *Rodgers,* Case is suing Clivilles and the Cole Trusts for breach of contract and accounting claims for royalties based on a contract that established an open, mutual account and required statements to be issued every six months. Based on these facts, it is clear that Case and CCME established an open, mutual account that they intended to last only for each six-month period. Furthermore, Clivilles and the Cole Trusts have produced royalty statements and calculations demonstrating that no deductions were or will be made from Case's royalties for the period after July 1, 2005. Because no deductions were made from the

14

account during the six-year statutory period and royalties will continue to be paid to the artist indefinitely, no open, mutual account existed as of July 1, 2005.

Thus, the standard statute of limitations applies to Case's claims. Case waited more than six years after the payments were due to initiate this action for the royalties due between 2003 and July 1, 2005. Therefore, Clivilles and the Cole Trusts are entitled to judgment as a matter of law on the breach of contract claims for royalties due before July 1, 2005.

The Cole Trusts are entitled to judgment as a matter of law on Case's claim that they breached the Agreement by failing to pay Case royalties because Case has not provided facts to create a genuine dispute as to the Cole Trusts' liability. As Case's claims for royalties due before July 1, 2005 are time barred, the Court need only determine whether a genuine dispute exists as to the Cole Trusts' liability for the period from July 1, 2005 through December 31, 2012. The Cole Trusts receive 1/2 of the royalties from Artista for the Song, and the parties agree that the Cole Trusts have paid Case 7/17 of the royalties the Cole Trusts have received from Artista for that time period. The Cole Trusts have demonstrated that Case has failed to allege or provide specific facts showing that they failed to pay Case royalties for July 1, 2005 to December 31, 2012. In response, Case has not raised specific facts to create a genuine dispute, so the Cole Trusts' motion for summary judgment is granted on the claim.

Case's remaining breach of contract allegations are based on: 1) Clivilles's failure to respond to Case's request regarding her AFTRA account, 2) CCME's failure to keep Case informed about the Artista audit, 3) CCME's deduction of royalties for the cost of the video for the Song, 4) CCME's failure to give Case's completed Master to Artista; and 5) CCME's failure to deliver three additional Master recordings to Artista. Clivilles and the Cole Trusts are entitled to summary judgment on all remaining claims.

Case alleges that Clivilles's failure to take action upon her request for help with her AFTRA account amounted to a breach of the Agreement. The Agreement does not establish any requirement that Clivilles take action to assist Case with her AFTRA account. Case provides no factual support to the contrary. Therefore, Case has not established a dispute of fact that could support judgment in her favor, and Clivilles is entitled to judgment as a matter of law.

Case alleges that Clivilles's failure to keep her informed about the Artista audit amounted to a breach of the Agreement. Case knew that an audit of Artista was to be conducted and completed sometime between 2003 and 2005. The affidavit Case provided with her memorandum in opposition to the motion for summary judgment states that she asked Blank about the audit regularly throughout the years. This bare assertion does not constitute a specific fact sufficient to create a genuine issue of material fact as to her diligence. At the motion to dismiss stage, this Court found that Case's fraud claim regarding the audit was governed by a six-year statute of limitations and was time barred

16

because she waited seven years to file a claim rather than monitoring the progress of the audit. The same reasoning applies to her breach of contract claim based on the audit. The claim is time barred. Additionally, even if the claim were timely, the Agreement does not obligate CCME to inform Case about an audit of Artista if the audit is merely contemplated and not completed. Case has not presented any facts to demonstrate that an audit was completed or that she was deprived of a pro rata share of royalties found to be owed to CCME through the audit. Clivilles and the Cole Trusts are entitled to judgment as a matter of law because the claim is time barred and, alternatively, because Case presents insufficient evidence on necessary elements of the claim.

Case also alleges that Clivilles and the Cole Trusts breached the Agreement by deducting the full cost of the video for the Song from her royalties. Pursuant to Paragraph 10 of the Agreement, CCME was contractually entitled to deduct the cost of the video from Case's royalties. Case's claim that Clivilles and the Cole Trusts breached the Agreement by doing so is meritless. Clivilles and the Cole Trusts' motion for summary judgment on this claim is therefore granted.

Case alleges that Clivilles and the Cole Trusts breached the Agreement by failing to give her recorded Master to Artista. Case knew that her completed Master had been destroyed in 2000. The statute of limitations for breach of contract claims bars this claim, brought more than six years after the alleged breach occurred. CPLR § 213.

Furthermore, Case alleges that Clivilles and the Cole Trusts breached the Agreement by failing to record three additional Masters. The Agreement required CCME to record four Masters during the operation of the Agreement. By its terms, the Agreement necessarily ended on December 1, 2005 at the latest. Thus, CCME's obligation to record and deliver four Masters to Artista under the Agreement was due, at the latest, by December 1, 2005. Case waited seven years to bring this breach of contract claim, so it is time barred. Clivilles and the Cole Trusts are entitled to judgment as a matter of law on the Masters-related breach of contract claims because they are time barred.

In conclusion, Case is entitled to judgment as a matter of law against Clivilles on the breach of contract and accounting claims based on Clivilles's failure to pay Case royalties or provide her with royalty statements owed under the Agreement from July 1, 2005 to December 31, 2012. Summary judgment is granted for Clivilles and the Cole Trusts on all other remaining breach of contract claims.

II.    *Accounting Claims Against Clivilles*

Clivilles admits that he breached his contractual duty to account for the royalties owed to Case for the period of July 1, 2005 to December 31, 2012. There is no dispute. Case is entitled to judgment as a matter of law on the claim that Clivilles failed to account for royalties to Case, as required by the Agreement, from July 1, 2005 to December 31, 2012.

18

As to Case's claim that Clivilles breached his fiduciary duty to account for the royalties due to her between 2003 and 2012, Clivilles argues he did not owe Case a fiduciary duty. This Court has already "determined that plaintiff and [Clivilles] do not have a fiduciary relationship and, consequently, that [Clivilles] do[es] not owe a fiduciary duty to plaintiff." ECF No. 34. Clivilles is therefore entitled to judgment as a matter of law on Case's accounting claim based on fiduciary duty because there was no fiduciary relationship.

III.   *Fraud Claims Against Clivilles*

Case has asserted two fraud claims against Clivilles that have not already been dismissed with prejudice. In the Complaint, Case reasserts her fraud claim based on Clivilles's decision to withhold royalties. As this Court has previously stated, Case cannot state a colorable claim for fraud based on that decision. The Court will now address Case's remaining fraud claims.

To state a claim for fraud, a plaintiff must establish that 1) defendant made a misrepresentation or omission of a material fact that defendant knew was false and intended for plaintiff to rely upon, 2) plaintiff justifiably relied on defendant's misrepresentation or omission, and 3) plaintiff suffered harm due to that reliance. *Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y. 3d 553, 559 (2009). The Federal Rules of Civil Procedure set forth a heightened pleading standard for fraud claims, requiring plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must

identify specific fraudulent statements and "explain why the statements were fraudulent," *Landesbank Gaden-Wurttemberg v. Goldman, Sachs & Co.*, 821 F. Supp. 2d 616, 621 (S.D.N.Y. 2011), in addition to alleging facts that give rise to a "strong inference" of fraudulent intent, *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995). A plaintiff cannot "base claims of fraud on speculation and conclusory allegations." *Id.*

First, Case alleges Clivilles defrauded her by stating that CCME was no longer in existence in 2009 and that he no longer dealt with that company. At the motion to dismiss stage, the Court postulated that Case may have a colorable claim if Clivilles's new company, C&C Music Factory Records, Inc., had acquired the liabilities of the former CCME business, so the Court dismissed the claim without prejudice. In the Complaint, Case has reasserted the claim exactly as it appeared when it was dismissed, choosing not to add any new factual allegations or offer any evidence to support a viable claim. Case fails to offer facts to support the required elements of materiality, reliance, or damages. Therefore, Clivilles is entitled to judgment as a matter of law on Case's claim that he defrauded her by stating that he no longer dealt with CCME and that it was no longer in existence in 2009.

Second, Case alleges that Clivilles defrauded her by refusing to help her with her AFTRA account. The Court previously dismissed this claim without prejudice based on Case's failure to establish Clivilles's intent to mislead her or to establish that she justifiably relied on Clivilles's representations. In the

Complaint, Case reasserts this claim without alleging additional facts and by adding only several conclusory statements in the third cause of action: that she relied upon Clivilles's reresentations, the representations were false, Clivilles knew the representations were false, and that Case suffered damage due to her reliance on Clivilles's false representations. These bare assertions cannot establish a genuine dispute of material fact as they are merely conclusory in nature. *Acito*, 47 F.3d at 52. Case fails to offer facts to establish necessary elements of the fraud claims, so Clivilles is entitled to judgment as a matter of law on both allegations.

### B. Blank's Motion to Dismiss

In the Complaint, Case alleges that Blank was professionally negligent based on 1) his failure to inform Case that Clivilles intended to stop paying her royalties after 2000, and 2) his incorrect statement regarding the statute of limitations on her fraud claim against Clivilles. Blank moves to dismiss the claims on the grounds that he did not represent Case in conjunction with the Agreement or in conjunction with the lawsuit against Clivilles and that, even if he did, Case has not alleged facts to support a plausible professional negligence claim. Because Blank did not file a Local Rule 56.1 Statement, this Court will treat his motion to dismiss as a Rule 12(b)(6) motion. *See Kirk v. Heppt*, 532 F. Supp. 2d 586, 589 (S.D.N.Y. 2008).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth sufficient factual allegations to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not sufficient to defeat a motion to dismiss. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). In assessing a motion to dismiss, the Court must take all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). On a Rule 12(b)(6) motion, the Court may consider the complaint, the documents attached to the complaint, documents incorporated into or relied upon in the complaint, and defendant's motion papers, so long as plaintiff had access to the information therein. *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356 (S.D.N.Y. 2003). Other evidence will not be considered at the motion to dismiss stage. *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007).

Because Case proceeded *pro se* at the time the Complaint was filed, the Complaint is to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants are nonetheless "not exempt from the relevant rules of procedural and substantive law, including the pleading standards outlined in the Federal Rules of Civil Procedure." *Kirk*, 532 F. Supp. 2d at 590.

Generally, where plaintiff fails to plead facts to support a claim, the Court will dismiss the claim without prejudice "if plaintiff provides a reasonable basis for believing that he will be able to re-plead in a manner that will cure the defect." *Phillips v. Am. Int'l. Grp., Inc.*, 498 F. Supp. 2d 690, 697–98 (S.D.N.Y. 2007). If

22

plaintiff demonstrates that he cannot provide specific evidence to state a claim, the Court can dismiss the claim with prejudice. *Zicklin v. Breuer*, 534 F. Supp. 745, 748 (S.D.N.Y. 1982).

The Court construes Case's fourth cause of action to state a claim for legal malpractice against attorney Blank. A legal malpractice claim "poses a question of law which can be determined on a motion to dismiss." *Kirk*, 532 F. Supp. 2d at 591. To prevail on a legal malpractice claim in New York, a plaintiff must establish 1) that an attorney-client relationship existed, 2) that the attorney was negligent, and 3) that the attorney's negligence was the proximate cause of 4) actual damages. *M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576, 583 (S.D.N.Y. 2003).

An attorney-client relationship arises "when a person consults with an attorney in confidence for the purpose of obtaining legal services," CPLR § 4503, but the "simple act of an attorney giving advice to an individual does not automatically create an attorney-client relationship," *M.J. Woods*, 271 F. Supp. 2d at 585. A fee arrangement, a written contract, and an informal pattern of gratuitous legal services are factors that may demonstrate the existence of an attorney-client relationship. *First Hawaiian Bank v. Russell & Volkening, Inc.*, 861 F. Supp. 233, 238 (S.D.N.Y. 1994). An attorney-client relationship may exist as to some legal matters without existing as to every legal matter in which the client is involved. *See id.* Failure to establish an attorney-client relationship prevents a plaintiff from proceeding on a legal malpractice claim. *See, e.g., M.J.*

*Woods*, 271 F. Supp. 2d 576. A legal malpractice claim will also be dismissed if plaintiff does not show that "she would have prevailed in the underlying action . . . but for the lawyer's negligence." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007).

Case's first legal malpractice claim relies on duties she alleges Blank owed her regarding the Agreement. Case alleges that Blank violated his duty to disclose Clivilles's attempts to illegally withhold or steal money from her. Even taking Case's factual allegations as true, she cannot satisfy the first element of a legal malpractice claim because she states that she was not in an attorney-client relationship with Blank in conjunction with the Agreement.

Case states in the Complaint that "she used another lawyer for the . . . Agreement," Compl. at 3, ¶6,[1] and provides an affidavit from Blank stating that he represented Case on legal matters "excluding her activities with Robert Clivilles and David Cole," *id.* at Ex. A. Blank represented CCME from 1992 until 2003, which meant that Blank interacted with Case on behalf of CCME regarding the royalties due under the Agreement. Case pleads in conclusory fashion that Blank represented her and owed her duties with regards to the Agreement, but those statements cannot defeat a motion to dismiss. *See Smith*, 291 F.3d at 240. Case pleads no specific facts such as a fee agreement or a contract to support an inference that an attorney-client relationship existed between her and Blank

---

[1] Case's Complaint includes several different sets of numbered paragraphs, so the Court will cite both the page and the paragraph number of the Complaint.

regarding the Agreement. *See First Hawaiian Bank*, 861 F. Supp. at 238. Taking the factual allegations as true and disregarding the conclusory allegations in the Complaint, the only reasonable inference is that Blank did not represent Case in conjunction with the Agreement, and no attorney-client relationship existed between them with regard to the Agreement. Blank owed her no duty to advise her on the Agreement. Case's claim for legal malpractice necessarily fails on the first element and it is dismissed for failure to state a claim.

Even if Case could offer facts to establish that Blank represented Case in conjunction with the Agreement after she signed it, Case's claim would be dismissed for failure to allege facts supporting the proximate cause and damages elements of a legal malpractice claim. Case knew that she was entitled to royalties and a statement of the royalties for the Song every six months, so she could have brought suit against CCME for recovery of the royalties when she was not paid. Case has not pled facts to plausibly give rise to an inference that Blank's inaction was the cause of any actual damage since she became aware of the breach of contract when she was not paid. In Case's proposed amendment to the Complaint, she failed to plead any additional facts that would support her claim, indicating that she cannot offer facts to support the elements of the claim. Therefore, Case's legal malpractice claim is dismissed with prejudice.

The second basis on which Case asserts Blank committed legal malpractice is that he provided her with the incorrect statute of limitations on her fraud claims against Clivilles. Case fails to state any factual allegations

relating to this claim in the Complaint, so no inferences can be drawn in Case's favor and the claim must be dismissed.

Although Case's Complaint is devoid of any factual assertions regarding this claim, she does provide an email as proof of Blank's incorrect advice in her memorandum in opposition to Blank's motion. For the purposes of a Rule 12(b)(6) motion, the facts set forth in the brief are not properly in front of the Court and cannot prevent dismissal. *See In re Merrill Lynch*, 273 F. Supp. 2d at 356. But if Case were permitted to replead the facts presented in the brief properly, her legal malpractice claim would still fail, so the claim is dismissed with prejudice.

The email Case provides to support her legal malpractice claim is dated April 30, 2012. In that email, Blank told Case's husband that the New York statute of limitations barred her from recovering on fraud claims brought three years after she knew about the fraudulent activity. The correct statute of limitations is two years. Case filed the initial Complaint in this litigation on May 7, 2012, merely one week after the email from Blank. The claims barred at the time of filing were already barred at the time of the email. Even if the email were properly attached to the Complaint and the facts properly pled, Case would be unable to establish that she would have been successful in the underlying claim, which is a necessary component of a legal malpractice claim. *Kirk*, 532 F. Supp. 2d at 591. Because Case filed suit only one week after the email, Blank's

incorrect statement of law had no effect on the success of Case's underlying claim and cannot be the basis for a successful legal malpractice claim.

Moreover, as an exhibit to the Complaint, Case submitted an affidavit from Blank stating that he was not in an attorney-client relationship with her in conjunction with any matters involving Clivilles. That fact prevents Case from meeting the first element of legal malpractice as well. The facts set forth in the Complaint and the documents supporting the Complaint prevent her from asserting a successful legal malpractice claim against Blank regarding advice on a lawsuit against Clivilles. The claim is dismissed with prejudice because Case has indicated that she cannot present specific facts giving rise to liability, as her proposed amendment to the Complaint presented no such facts.

## Conclusion

Based on the foregoing reasons, all of the claims in this litigation are resolved. Case is granted summary judgment on the breach of contract claim based on Clivilles's admitted failure to provide royalties and accounting statements pursuant to the Agreement from July 1, 2005 to December 31, 2012. Clivilles and the Cole Trusts' motion for summary judgment is granted on Case's breach of contract and accounting claims for royalties due between 2003 and July 1, 2005 because they are time barred. Likewise, Clivilles and the Cole Trusts' motion for summary judgment is granted on Case's remaining breach of contract claims and accounting claims because they are either time barred or fail to present a genuine issue for trial. Clivilles's motion for summary judgment

is granted on the fraud claims because Case has failed to establish facts that would support judgment in her favor. Blank's motion to dismiss Case's legal malpractice claims with prejudice is granted based on Case's failure to plead fact to support a plausible claim for relief or demonstrate that she could replead the Complaint to resolve the defects.

No issues remain to be resolved at trial. The Court orders Clivilles to submit a recalculation of the royalties and interest due to Case by November 14, 2016.

This order resolves items listed as docket numbers 103 and 110 in this case.


SO ORDERED

Dated:  New York, New York
       October 24, 2016

                                        Thomas P. Griesa
                                        U.S. District Judge